1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                  SAN JOSE DIVISION

10   WILLIAM E. FLEMING,                          NO. 5:11-cv-01830 EJD (PSG)

11                    Plaintiff(s),              **ORDER DENYING PLAINTIFF'S
                                                 MOTION TO REMAND**
           v.
12
     AC SQUARE, INC.,
13                                                [Docket Item No. 16]
                      Defendant(s).
14   _____/

15          Plaintiff William E. Fleming ("Plaintiff"), appearing pro se, filed the instant Motion to

16   Remand this action back to the Superior Court from which it originated ("Motion").  Defendant AC

17   Square, Inc. ("Defendant") opposes the request in written opposition.  Having reviewed the written

18   submissions for this matter, the court finds it suitable for decision without oral argument pursuant to

19   Civil Local Rule 7-1(b).  As such, the hearing scheduled for August 12, 2011, is vacated.  The

20   Motion will be denied for the reasons stated below.[1]

21                    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

22          For context, the court recites various allegations from Plaintiff's original complaint and First

23   Amended Complaint ("FAC").  See Def.'s Request for Judicial Notice ("RJN"), at Exs. 1, 4.

24   Plaintiff is a former employee of Defendant.  On November 3, 2007, Plaintiff was demoted from his

25   supervisory position without warning or reason.  In response, Plaintiff, who is African-American,

26   requested that Defendant place him in a comparable supervisory-level position.  Although such a

27

28          [1] This disposition is not intended for publication in the official reports.

                                                    1

United States District Court
For the Northern District of California

1  position did become available soon after Plaintiff's request, it was given to a Hispanic employee

2  with less experience and ability.  Plaintiff continued to work for Defendant after the demotion, but

3  experienced racial remarks from other employees.  He eventually filed a formal complaint with the

4  Equal Employment Opportunity Commission ("EEOC") on January 2, 2008, and was eventually

5  laid-off on August 13, 2008.  Plaintiff believes Defendant's actions were racially-motivated.

6       After the EEOC issued Plaintiff a right-to-sue notice, he commenced an action against

7  Defendant in Santa Clara County Superior Court on October 31, 2008.  <u>See</u> RJN at Ex. 1.  Defendant

8  eventually filed a Motion for Judgment on the Pleadings (<u>see</u> RJN at Ex. 2), which the Superior

9  Court granted on March 9, 2011.  <u>See</u> RJN at Ex. 3.  Plaintiff was allowed ten days within which to

10  file and serve an amended complaint.  <u>Id.</u>  He did so on March 17, 2011.  <u>See</u> RJN at Ex. 4.  Unlike

11  the original complaint which contained no statutory references, the FAC indicated Plaintiff was

12  seeking relief under Title VII of the Civil Rights Act of 1964.  <u>Id.</u>  In light of that amendment,

13  Defendant removed the action to this court on April 14, 2011.  <u>See</u> Docket Item No. 1.  This Motion

14  followed.

15  **II.   DISCUSSION**

16       Before turning to the propriety of the removal which occurred here, the court must first

17  address two distinct issues.  The first is Defendant's RJN.  <u>See</u> Docket Item No. 25.  The second is

18  Defendant's argument that the Motion must be dismissed due to certain procedural shortcomings.

19  As explained below, the former will be granted while the latter is rejected.

20       **A.   Judicial Notice**

21       Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of facts "not

22  subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction

23  of the trial court or (2) capable of accurate and ready determination by resort to sources whose

24  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  This includes documents filed in

25  state court proceedings.  <u>See</u> <u>Porter v. Ollison</u>, 620 F.3d 952, 955 (9th Cir. 2010).  A court "shall

26  take judicial notice if requested by a party and supplied with the necessary information."  <u>See</u> Fed. R.

27  Evid. 201(d).

28       Here, Defendant requests the court take judicial notice of the following: (1) the original

*United States District Court*
For the Northern District of California

2

1  complaint filed in the Superior Court on October 31, 2008; (2) Defendant's Notice of Motion and

2  Motion for Judgment on the Pleadings, filed in the Superior Court on February 9, 2011; (3) a

3  Superior Court order filed March 9, 2011, granting Defendant's Motion for Judgment on the

4  Pleadings; and (4) the FAC filed in the Superior Court on March 17, 2011.  Plaintiff does not dispute

5  the authenticity of these documents.  Since each document is judicially noticeable as a record filed in

6  the state court action underlying the instant proceeding, Defendant's RJN is granted in its entirety.

7  **B.    Procedural Defects**

8       Defendant argues that the Motion's lack of a legal memorandum amounts to "substantial

9  prejudice" since, as Defendant puts it, it has been "left to largely guess as to the basis and grounds

10  for the requested relief."  Defendant further contends this procedural defect alone requires denial of

11  the Motion.  The court disagrees.

12       Despite Defendant's claim to the contrary, the state of the pleadings demonstrate that it has

13  not suffered prejudice, let alone substantial prejudice, from the absence of the memorandum

14  seemingly required by Local Civil Rules 7-2 and 7-4.  See In re Telemart Ent., Inc., 524 F.2d 761,

15  766 (9th Cir. 1975) (stating that one party's noncompliance with local rules should not justify court

16  action if it does not cause prejudice to another party).  With regard to Plaintiff's pleadings, the

17  Notice of Motion adequately describes Plaintiff's request for an order "remanding this action to the

18  Superior Court of the State of California, County of Santa Clara."  See Docket Item No. 16.  Plaintiff

19  also relies on a document entitled "Notice of Opposition to Removal to Federal Court" ("Notice of

20  Opposition"), which both responds factually to the statements contained in the Notice of Removal

21  and provides legal citation and argument.  See Docket Item No. 15.  For Defendant, its pleading in

22  opposition contains a coherent legal discussion which directly addresses the issues raised by

23  Plaintiff.  Defendant was also able to discern the evidence necessary to support its position and

24  included such evidence in the RJN.  From these observations, the court can only conclude that

25  Plaintiff's Motion and supporting papers provided sufficient notice of the relief requested as well as

26  the basis for such relief, to which Defendant formulated an appropriate rebuttal.  Defendant did not

27  need to resort to guesswork to articulate an intelligent defense if it did so, even if Plaintiff's

28  pleadings contain information of minimal relevance to the remand issue.

*United States District Court*
For the Northern District of California

3

United States District Court

For the Northern District of California

1    Moreover, while the court recognizes that Plaintiff is "expected to abide by the rules of the

2  court in which he litigates" (Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir.

3  1986)), this responsibility must nonetheless be tempered by the policy to liberally construe

4  procedural requirements for a pro se litigant such as Plaintiff.  Abassi v. Immigration &

5  Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir. 2002).  The court has done so here.

6  Consequently, Defendant's invitation to deny the Motion based solely on procedural defects is

7  declined.

8       **C.      Remand**

9    The court now addresses Plaintiff's remand request.  Such an examination requires a review

10  of settled jurisdictional principles.

11    Federal removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co.,

12  592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived

13  entirely from the statutory authorization of Congress.").  Only those state court actions that could

14  have been originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as

15  otherwise expressly provided by Act of Congress, any civil action brought in a State court of which

16  the district courts of the United States have original jurisdiction, may be removed by the

17  defendant."); see also, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court

18  actions that originally could have been filed in federal court may be removed to federal court by

19  defendant.").  Accordingly, the removal statute provides two basic ways in which a state court action

20  may be removed to federal court: (1) the case presents a federal question, or (2) the case is between

21  citizens of different states.  28 U.S.C. §§ 1441(a), (b).  It falls upon the defendant to show the basis

22  for federal jurisdiction.  Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 (9th Cir.

23  1990).  Removal jurisdiction statutes are strictly construed against removal.  Shamrock Oil & Gas

24  Corp. v. Sheets, 313 U.S. 100, 108 (1941).

25    The Notice of Removal filed in this action relies on the presence of a federal question in the

26  FAC.  See Docket Item No. 1, at ¶ 12.  When that is the case, the court looks to the face of a well-

27  pleaded complaint to determine whether a cause of action is created by federal law or whether the

28  plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal

4

1   law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (citing Franchise Tax Bd. of

2   California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  "[I]t must be clear from

3   the face of the plaintiff's well-pleaded complaint that there is a federal question."  Duncan v.

4   Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint as it existed at time of removal dictates

5   whether removal jurisdiction is proper.  Libhart, 592 F.2d at 1065.

6        In this case, the court construes the FAC as that was the operative pleading at the time of

7   removal.  As Defendant points out, the FAC contains a recitation of allegations against Defendant

8   followed by a clarification that Plaintiff is "seeking monetary relief and punitive damages under

9   Title VII of the Civil Rights Act of 1964."  See RJN at Ex. 4.  He also directly quotes two provisions

10  of 42 U.S.C. § 2000e-2(a).  Id.  Those references to federal statutes are the only legal citations in the

11  FAC and appear to be more than incidental notation.  See Easton v. Crossland Mortg. Corp., 114

12  F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading will not

13  convert a state law claim into a federal cause of action...").  Although the actual allegations are not

14  organized by distinct causes of action, putting the statutory citation together with the facts alleged

15  demonstrates that Plaintiff intended to bring a claim for unlawful employment practices under 42

16  U.S.C. § 2000e-5(f)(1).  In addition, both the monetary and punitive damages sought by Plaintiff are

17  potential remedies for claims brought under Title VII.  42 U.S.C. § 1981a(b)(1); Kolstad v. Am.

18  Dental Ass'n, 527 U.S. 526, 529 (1999).  Thus, under the current state of the pleadings, a federal

19  question does appear on the face of the FAC.  This forms the basis of federal jurisdiction.

20       In the Notice of Opposition, Plaintiff makes two arguments in support of his request to

21  remand.  Neither are convincing.  First, Plaintiff claims Defendant violated certain state laws,

22  including the California Fair Employment and Housing Act ("FEHA"), and California Government

23  Code § 11135 et. seq., as well as portions of the California Constitution.  See Not. of Oppo. at p. 7.

24  The court interprets this statement Plaintiff's representation that he meant to plead only violations of

25  California law.  It is true that Plaintiff, as the master of his action, may decide the body of law he

26  will rely upon when federal and state authorities coincide.  See Pan American Petro. Corp. v. Super.

27  Ct., 366 U.S. 656, 662-63 (1961) (stating that "the party who brings a suit is master to decide what

28  law he will rely upon.").  But what Plaintiff cannot do is make that choice in the FAC and then

United States District Court
For the Northern District of California

5

1  attempt to recharacterize federal claims as pure state claims to fit within a motion to remand.  Cf.

2  Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, 159 F.3d 1209, 1213 ("[J]urisdiction must be

3  analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent

4  amendments.").  Plaintiff could have avoided the prospect of a federal forum by relying exclusively

5  on state law in the FAC.  Caterpillar, 482 U.S. at 392.  He instead specifically relied on federal

6  statutes.  Unfortunately for Plaintiff, such reliance is fatal to this argument.

7        Finally, Plaintiff believes the removal was untimely based on 28 U.S.C. § 1446(b).  The

8  pertinent portion of that subsection states:

9              If the case stated by the initial pleading is not removable, a notice of
             removal may be filed within thirty days after receipt by the defendant,
10            through service or otherwise, of a copy of an amended pleading,
             motion, order or other paper from which it may first be ascertained
11            that the case is one which is or has become removable, except that a
             case may not be removed on the basis of jurisdiction conferred by
12            section 1332 of this title [28 USCS § 1332] more than 1 year after
             commencement of the action.
13

14       Here, Plaintiff's initial form complaint did not contain reference to a federal statute.  See

15  RJN at Ex. 1.  For this reason, the state court action was not immediately removable to this court as

16  there was no other basis for federal jurisdiction.  However, this action did become removable when

17  Plaintiff clarified his federal claim by filing and serving the FAC on March 17, 2011.  See RJN at

18  Ex. 4.  Defendants then filed the Notice of Removal on April 14, 2011 - within the thirty day period

19  provided by § 1446(b).  As such, the removal of this action from state court was timely based on the

20  amended pleading establishing federal jurisdiction.  See Harris v. Bankers Life & Cas. Co., 425 F.3d

21  689, 694-95 (9th Cir. 2005).  The portion of § 1446(b) cited by Plaintiff which prohibits removal of

22  an action more than one year after its commencement applies only to cases establishing federal

23  jurisdiction through diversity, as evidenced by the presence of 28 U.S.C. § 1332 in the statute.  That

24  limitation does not apply to this action invoking federal question jurisdiction under 28 U.S.C. §

25  1331. See Docket Item No. 1, at ¶ 12.

26       In light of the preceding discussion, the court finds that Defendant met its burden to

27  demonstrate the basis for federal jurisdiction.  Plaintiff's arguments in favor of remand to the

28  Superior Court fail.  The court will therefore deny the Motion.

NO. 5:11-cv-01830 EJD (PSG)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND (EJDLC1)

United States District Court

For the Northern District of California

**III.    ORDER**

Based on the foregoing, the hearing scheduled for August 12, 2011, is VACATED.

Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**


Dated:  August 4, 2011

_____
EDWARD J. DAVILA
United States District Judge

United States District Court

For the Northern District of California

7

NO. 5:11-cv-01830 EJD (PSG)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND (EJDLC1)

1    **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2    Benjamin A. Emmert bemmert@littler.com
     Ronald A. Peters rpeters@littler.com

3

4    **Dated:  August 4, 2011**                              **Richard W. Wieking, Clerk**

5

6                                                            By:    **/s/ EJD Chambers**
                                                                    **Elizabeth Garcia**
7                                                                   **Courtroom Deputy**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

NO. 5:11-cv-01830 EJD (PSG)
ORDER DENYING PLAINTIFF'S MOTION TO REMAND (EJDLC1)